**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHNNY WALKER | ) | CASE NO. 1:09-CV-01092 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| KEITH SMITH, WARDEN, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** |
| | ) | |

This action is before the Court upon objections filed by Petitioner Johnny Walker, asserting error in the Report and Recommendation ("the Report") of Magistrate Judge David S. Perelman. The Court ADOPTS the Report (Doc. 20) in its entirety. The Petition is DENIED.

**I.    Procedural History**

On October 20, 2005, Walker was convicted by a jury of one count aggravated murder and one count attempted murder, both with firearm specifications. On October 21, 2005, Walker was convicted by the court of one count of having a weapon while under disability. Walker was sentenced to an indefinite term of twenty years to life imprisonment for aggravated murder, eight years for attempted aggravated murder, and three years for having a weapon while under a disability. The murder sentences were set to run consecutive to each other and concurrent with the term imposed for having a weapon while under a disability. In addition, Walker was sentenced to six years for the firearm specifications to run concurrent with each other, but consecutive to the remaining charges, for an aggregate total sentence of thirty-four years to life.

Walker then pursued his state appellate remedies. On February 26, 2007, the state appellate court affirmed his convictions, but vacated his sentence and remanded the case for re-sentencing. Walker then, acting pro se, appealed the appellate court ruling to the Ohio Supreme Court. On June 20, 2007, The Ohio Supreme Court denied Walker leave to appeal and dismissed the appeal as not involving any substantial constitutional question.

On May 4, 2007, while Walker's appeal the Ohio Supreme Court was pending, he was re-sentenced to an indefinite term of twenty-five years to life imprisonment for aggravated murder, six years for attempted aggravated murder, and three years for having a weapon while under disability. The terms for aggravated murder and attempted murder were set to run consecutive to one another but concurrent to the sentence for having a weapon while under a disability. Walker was also re-sentenced to six years' incarceration for the firearms specifications to run concurrent to each other but consecutive to the remaining sentences for an aggregate sentence of thirty-two years to life.

Walker then appealed his re-sentencing and his case was remanded a second time for re-sentencing in light of the failure of the trial court to properly impose post-release control. Walker was again re-sentenced, receiving the same thirty-two years to life sentence. Walker did not appeal his second re-sentencing.

On May 12, 2009, Walker, acting pro se, filed the instant petition, raising the following three grounds: (1) the trial court violated his right to Due Process when it overruled his motion to suppress; (2) the trial court violated his Sixth amendment right to confront witnesses against him by permitting police to present hearsay testimony of statements made by a co-defendant; and (3) there was insufficient evidence to support a conviction for aggravated murder and attempted aggravated murder.

**II. Legal Standard**

Where objections are made to a magistrate judge's Report and Recommendation, this Court must:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). The Court has reviewed *de novo* the Report and Recommendation as it relates to Walker's objections. The objections lack merit.

**III. Analysis**

28 U.S.C. § 2254(d) provides that:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In his first claim for relief, Walker argues, as he did multiple times in state court, that the trial court improperly denied his motion to suppress evidence obtained in violation of the Fourth Amendment. The Report concluded that Walker was not entitled to relief because he was given a full and fair opportunity to litigate his Fourth Amendment claims at the state level. In his objections, Walker raises no argument that he did not fully and fairly litigate his claim in the state court. His claim that the state review was insufficient is based solely upon the fact that the Ohio Supreme Court declined to hear his appeal. There is no legal support that would suggest

that such a refusal by the Ohio Supreme Court permits Walker to seek relief through § 2254. His objections to this ground, therefore, are overruled.

In his second claim for relief, the petitioner challenges the admission of statements made by his co-defendant who did not testify at trial, contending that his confrontation rights were violated. In order to be entitled to relief, a habeas corpus petitioner must establish that there has been an infringement of a right guaranteed under the United States Constitution. *Clemmons v. Sowders,* 34 F.3d 352, 357 (6th Cir. 1994). The Report properly concluded that the state court was not unreasonable in resolving Walker's Confrontation Clause argument. In his objections, Walker does not challenge the validity of the Report's reasoning. Instead, he asserts that the alleged hearsay testimony damaged his character. Such a claim does not approach a constitutional violation, and Walker has provided no legal argument that would support a conclusion that such evidence infringed on his right of confrontation. His objections to this ground are overruled.

Lastly, Walker challenged the sufficiency of the evidence used to convict him at trial. The Report concludes that the state court, in rejecting Walker's challenge, followed the proper precedent and reasonably applied that precedent to the facts. Walker's objections shed little light on what he claims to be error in the Report. Instead, Walker makes little reference to the actual facts supporting his conviction and identifies no legal error in the Report's analysis. Accordingly, his objections on this ground are likewise overruled.

## IV. Conclusion

The Court hereby ADOPTS the Report and Recommendation in its entirety. The Petition for Habeas Corpus is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. There is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

July 30, 2010                    /s/ John R. Adams
                                                         JUDGE JOHN R. ADAMS
                                                         UNITED STATES DISTRICT COURT